# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MASON HARRIS,**

    **Plaintiff,**

v.

**OHIO ADULT PAROLE AUTHORITY, et al.,**

    **Defendants.**

Case No. 2:21-cv-1401
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff Mason Harris, an inmate at Mansfield Correctional Institution ("ManCI") who is proceeding *pro se*, filed the instant action in the U.S. District Court for the Southern District of Ohio, Eastern Division, on March 30, 2021. (Doc. 1-1). After determining that Plaintiff had not attached his prison trust fund account statement to his Motion to Proceed *in forma pauperis* (Doc. 1), the Undersigned ordered him to file such a statement. (Doc. 2). Plaintiff subsequently filed his account statement. (Doc. 3).

Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docs. 1, 3) is **DENIED**. Furthermore, having conducted an initial screen pursuant to 28 U.S.C. § 1915(A), the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

## I. MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1)–(2) (Docs. 1, 3), the Motion is **DENIED**. Plaintiff's Motion reveals that he has an insufficient amount to pay the full filing fee. However, under the Prison Litigation Reform

Act of 1996 ("PLRA"), an incarcerated plaintiff may not proceed *in forma pauperis* on more than three occasions when such action "was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This is commonly known as the "three strikes rule." In *Harris v. Hoffman*, this Court concluded that "[P]laintiff is a 'three-striker' within the meaning of 28 U.S.C. § 1915(g)." No. 1:15-cv-52, 2015 U.S. Dist. LEXIS 129543, at *3-4 (S.D. Ohio Aug. 17, 2015) (citations omitted), *report and recommendations adopted at* 2015 U.S. Dist. LEXIS 129517 (S.D. Ohio Sept. 25, 2015). *See also Coleman v. Tollefson*, 733 F.3d 175 (6th Cir. 2013), *aff'd* 575 U.S. 532 (2015). As there is nothing in the Complaint suggesting that Plaintiff is "under imminent danger of serious injury[,]" he cannot meet this exception to the three strikes rule.

Consequently, Plaintiff is **ORDERED** to pay the full $402 filing and administrative fee within thirty days of the filing of this Order. Plaintiff is hereby notified that his failure to pay the full fee within the requisite thirty (30) day period will result in the dismissal of his action. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

**II.    BACKGROUND**

As established, Plaintiff is a *pro se* prisoner currently incarcerated at ManCI. (Doc. 1-1). He names the following Defendants: (1) Ohio Adult Parole Authority ("OAPA"); and Bureau Chief of the Office of Quality Assurance and Improvement – Ohio Department of Youth Services ("Bureau Chief"). (*Id.*).

Although not a model of clarity, the Undersigned derives the following allegations from Plaintiff's Complaint. Between September 2016 and February 2017, while incarcerated at the Chillicothe Correctional Institution ("CCI"), Plaintiff alleges that he was sexually attacked on

several occasions. (*See generally id*.). He provided documentation of these attacks to Investigator Arledge. (*Id*. at 1). Despite this documentation, Arledge did not question other inmates or order surveillance camera footage to be turned over to Defendant OAPA. (*Id*.). In June 2018, without conducting an independent investigation, OAPA ruled that Plaintiff was to remain incarcerated for a further eight years. (*Id*. at 1–2). Thereafter, on or about February 19, 2019, Plaintiff filed a complaint against OAPA, contesting this decision, in the Franklin County, Ohio, Court of Common Pleas. *See* Case No. 19-cv-2049. However, the complaint's central claim was one for personal injury under Ohio state law and mentioned civil rights and certain inapposite constitutional amendments only in passing. *See generally id*.

In April 2019, Plaintiff was transferred from CCI to London Correctional Institution ("LOCI"). (Doc. 1-1 at 2). While at LOCI, Plaintiff was again the victim of "sexual attacks." (*Id*.). He accuses Bureau Coordinator Eric Morris, Unit Manager Hildreth, and Investigator Crisler of "obstruction of justice" and "[']tampering with evidences [*sic*]' of 'CCTV' surveillance cameras recording the sexual attacks[.]" (*Id*.). Plaintiff claims that the individuals who assaulted him were not present at his "R.I.B. hearing" on the matter, violating his rights under the Confrontation Clause. (*Id*. at 4). He was then disciplinarily transferred to ManCI, where again he was the victim of sexual attacks. (*Id*.). Here again, Plaintiff filed suit in the Franklin County, Ohio, Court of Common Pleas on April 9, 2019, naming the Bureau Chief and unnamed personnel as Defendants. (*Id*. at 1, 4 (citing Case No. 19CV002949)). Plaintiff requested that Judge Jeffrey M. Brown direct State of Ohio Assistant Attorney General ("AAG") George Horvath to investigate his allegations of wrongdoing. (*Id*. at 4). Judge Brown denied the request. (*Id*.).

In the instant action, Plaintiff sets forth two grounds for relief. First, Plaintiff claims that AAG Horvath and OAPA violated his due process rights by failing to investigate his allegations

of sexual assault (*Id*. at 6–7), and that Judge Brown violated his rights to due process under the Compulsory Process Clause of the Sixth Amendment by failing to conduct pretrial proceedings and a jury trial. (*Id*.). Finally, Plaintiff alleges that law enforcement officials and judicial officers conspired to prevent him from having his claims of sexual assault investigated and prosecuted. (*Id*. at 8).

Second, Plaintiff claims that AAG Horvath, in arguing to the state court that the Bureau Chief was not a proper defendant, prevented Plaintiff from conducting pretrial proceedings and a jury trial, in violation of his rights under the First, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id*. at 10).

## III. LEGAL STANDARD

"District courts are required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee . . . as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). Accordingly, the Court must dismiss the complaint, or any portion of it, that "is frivolous or malicious; fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "A claim is frivolous if it lacks 'an arguable basis either in law or in fact.'" *Flores v. U.S. Att'y Gen.*, No. 2:14-CV-84, 2014 WL 358460, at *2 (S.D. Ohio Jan. 31, 2014) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). This occurs when "'indisputably meritless'" legal theories underlie the complaint, or when a complaint "relies on 'fantastic or delusional' allegations." *Id*. (quoting *Neitzke*, 490 U.S. at 327–28).

In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim

4

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Still, a court is not required to accept factual allegations set forth in a complaint as true when such factual allegations are "clearly irrational or wholly incredible." *Ruiz v. Hofbauer,* 325 F. App'x 427, 429-30 (6th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989).

## IV. DISCUSSION

Although Plaintiff mentions various individuals and entities, he has named only two defendants: OAPA and the Bureau Chief. (*See* Doc. 1-1). For the following reasons, the Undersigned finds that dismissal of those defendants is appropriate. Further, even reading Plaintiff's Complaint more broadly, his remaining allegations are barred either by statute of limitations or by judicial and prosecutorial immunity.

### A. Named Defendants

OAPA is not a proper defendant in this action. As a state agency, OAPA is absolutely immune from suit in this Court by virtue of the Eleventh Amendment to the United States Constitution. *See Regents of Univ. of Calif. v. Doe*, 519 U.S. 425, 429 (1997) (citations omitted) ("It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). Moreover, a state agency is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58,

70-71 (1989); *see also Topping v. Ohio Adult Parole Auth.*, No. 2:11-cv-727, 2012 WL 4920172, at *2 (S.D. Ohio Oct. 16, 2012) (citations omitted) ("Ohio Adult Parole Authority is not an entity that can be sued. It is an arm of the state. The State is immune under the Eleventh Amendment from suits against it. This Court cannot 'strip' a state agency of its Eleventh Amendment immunity."). Thus, the Undersigned **RECOMMENDS** OAPA be dismissed from this case.

Similarly, because Plaintiff has failed to connect the Bureau Chief to any harm he allegedly suffered, dismissal of that Defendant is also appropriate.

"Two traditional tort principles show that a § 1983 plaintiff generally must prove both that a defendant was *personally* at fault and that the defendant's culpable conduct (not somebody else's) *caused* the injury." *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) (citing *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017); *Filarsky v. Delia*, 566 U.S. 377, 380 (2012)). Here, the only allegation against any Bureau employee was Bureau Coordinator Morris tampering with the tapes, which occurred no earlier than April 2019—after the OAPA's parole determination. (Doc. 1-1 at 2). Plaintiff also does not allege that the Bureau, or any employee thereof, actually harmed him with respect to any pretrial and trial proceedings in Case No. 19-cv-2049. He merely claims that the Bureau Chief failed to respond to allegations raised in the state court case. (*Id*. at 4). That case, however, was dismissed for lack of jurisdiction on March 12, 2020, and failure to respond to allegations is not a basis for liability under 42 U.S.C. § 1983. Thus, the Undersigned **RECOMMENDS** the Bureau Chief be dismissed from this case.

Given this disposition, the Court need not address Plaintiff's claims against the various individuals and entities not named as Defendants in the Complaint. However, even reading Plaintiff's Complaint more broadly, any remaining claims should also be dismissed.

B.   **Statute of Limitations**

Plaintiff purports to bring his claims under 42 U.S.C. § 1983. (*See generally* Doc. 1-1). The statute of limitations applicable to claims arising in Ohio under 42 U.S.C. § 1983 is the two-year statute of limitations found in Ohio Revised Code § 2305.10. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). "Although the statute of limitations is normally an affirmative defense that must be raised by defendants in an answer, if the limitations bar appears on the face of the complaint, the Court may apply it during the initial screening process." *Boddie*, 2014 U.S. Dist. LEXIS 61384, 2014 WL 2611321, at *3 (citing *Watson v. Wayne County*, 90 F. App'x. 814, at *3 (6th Cir. 2004) ("If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte")). This Court has often applied that rule in cases screened under § 1915A. *Id.* (citing *Smith v. Warren County Sheriff's Dept.*, No. 1:10-cv-113, 2010 U.S. Dist. LEXIS 25528, 2010 WL 761894 (S.D. Ohio March 2, 2010)). Accordingly, the Court must look to the allegations in the Complaint to determine whether the action has been filed within the applicable two-year period.

Plaintiff filed the instant action on March 30, 2021, meaning that any claim arising out of incidents prior to March 30, 2021, is time-barred. Plaintiff states that OAPA's unfavorable decision was handed down in June 2018, but he did not file the instant lawsuit until March 30, 2021. (Doc. 1-1 at 1–2). Furthermore, he does not allege OAPA took any action against him after June 2018. (*See generally id.*). Accordingly, any harm he suffered as a result of the unfavorable decision—or from any other incident prior to his transfer to ManCI—is not actionable against any potential future Defendant.

C.  **Immunity**

While OAPA and the Bureau Chief are the named Defendants, the majority of Plaintiff's Complaint focuses on AAG Horvath's and Judge Brown's alleged violations of his constitutional rights during Case No. 19-cv-2049. (*See generally* Doc. 1-1). These two Defendants, however, are immune from suit. Prosecutors, such as AAG Horvath, are "absolutely immune from liability" for their actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009). Plaintiff has not alleged facts that would show that AAG Horvath was not acting as an officer of the court at the time of his alleged misconduct. (*See generally* Doc. 1-1). Accordingly, to the extent Plaintiff is attempting to bring claims against him, AAG Horvath is entitled to prosecutorial immunity.

Similarly, Judge Brown is protected by judicial immunity. Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions taken were in absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 11–12 (1991). Plaintiff has not alleged facts that would show that Judge Brown acted outside the scope of his judicial capacity or in the absence of all jurisdiction. (*See generally* Doc. 1-1). Accordingly, to the extent Plaintiff is attempting to bring claims against him, Judge Brown is entitled to judicial immunity.

V.  **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Proceed *in forma pauperis* is **DENIED**. Plaintiff must pay the entire filing fee within thirty (30) days from the date of this Order. Further, having conducted the initial screen pursuant to 28 U.S.C § 1915A, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED**.

**Procedure on Objections to Report and Recommendation**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

8

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: May 14, 2021                                                                                      /s/Kimberly A. Jolson
                                                                                                            KIMBERLY A. JOLSON
                                                                                                             UNITED STATES MAGISTRATE JUDGE