UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MASON HARRIS, | : | |
| | | Case No. 2:21-cv-1401 |
| Plaintiff, | : | JUDGE SARAH D. MORRISON |
| | | MAGISTRATE JUDGE JOLSON |
| v. | : | |
| OHIO ADULT PAROLE AUTHORITY, *et al.*, | | |
| | : | |
| Defendants. | : | |

## ORDER

This 42 U.S.C. § 1983 matter is before the Court upon consideration of a May 14, 2021 Order and Report and Recommendation (R&R) issued by Magistrate Judge Jolson recommending dismissal of the case. (ECF No. 5). Plaintiff Mason Harris, a *pro se* prisoner, objects. (ECF No. 6). For the reasons that follow, the Court **OVERRULES** the Objection (ECF No. 6) and **ADOPTS** the R&R (ECF No. 5) in its entirety.

I.  BACKGROUND

The R&R summarizes this action as follows:

> Between September 2016 and February 2017, while incarcerated at the Chillicothe Correctional Institution ("CCI"), Plaintiff alleges that he was sexually attacked on several occasions. (*See* generally [Doc. 1-1]). He provided documentation of these attacks to Investigator Arledge. (*Id*. at 1). Despite this documentation, Arledge did not question other inmates or order surveillance camera footage to be turned over to Defendant [Ohio Adult Parole Authority] OAPA. (*Id*.). In June 2018, without conducting

1

an independent investigation, OAPA ruled that Plaintiff was to remain incarcerated for a further eight years. (*Id.* at 1–2). Thereafter, on or about February 19, 2019, Plaintiff filed a complaint against OAPA, contesting this decision, in the Franklin County, Ohio, Court of Common Pleas. *See* Case No. 19-cv-2049. However, the complaint's central claim was one for personal injury under Ohio state law and mentioned civil rights and certain inapposite constitutional amendments only in passing. *See* generally *id.*

In April 2019, Plaintiff was transferred from CCI to London Correctional Institution ("LOCI"). (Doc. 1-1 at 2). While at LOCI, Plaintiff was again the victim of "sexual attacks." (*Id.*). He accuses Bureau Coordinator Eric Morris, Unit Manager Hildreth, and Investigator Crisler of "obstruction of justice" and "[']tampering with evidences [sic]' of 'CCTV' surveillance cameras recording the sexual attacks[.]" (*Id.*). Plaintiff claims that the individuals who assaulted him were not present at his "R.I.B. hearing" on the matter, violating his rights under the Confrontation Clause. (*Id.* at 4). He was then disciplinarily transferred to ManCI, where again he was the victim of sexual attacks. (*Id.*). Here again, Plaintiff filed suit in the Franklin County, Ohio, Court of Common Pleas on April 9, 2019, naming the Bureau Chief and unnamed personnel as Defendants. (*Id.* at 1, 4 (citing Case No. 19CV002949)). Plaintiff requested that Judge Jeffrey M. Brown direct State of Ohio Assistant Attorney General ("AAG") George Horvath to investigate his allegations of wrongdoing. (*Id.* at 4). Judge Brown denied the request. (*Id.*).

In the instant action, Plaintiff sets forth two grounds for relief. First, Plaintiff claims that AAG Horvath and OAPA violated his due process rights by failing to investigate his allegations of sexual assault (*Id.* at 6–7), and that Judge Brown violated his rights to due process under the Compulsory Process Clause of the Sixth Amendment by failing to conduct pretrial proceedings and a jury trial. (*Id.*). Finally, Plaintiff alleges that law enforcement officials and judicial officers conspired to prevent him from having his claims of sexual assault investigated and prosecuted. (*Id.* at 8).

Second, Plaintiff claims that AAG Horvath, in arguing to the state court that the Bureau Chief was not a

> proper defendant, prevented Plaintiff from conducting pretrial proceedings and a jury trial, in violation of his rights under the First, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution. (*Id.* at 10).

(ECF No. 5, PageID 40-42; ECF No. 1; ECF No. 4.)

The R&R denied Mr. Harris' Motion for Leave to Proceed *In Forma Pauperis*. (ECF Nos. 1 and 3 and ECF No. 5 at PageID 39.) The Magistrate Judge acknowledged that Mr. Harris lacked sufficient funds to pay the filing fee; however, she noted that Mr. Harris is a "three-striker" whose Complaint failed to plausibly allege imminent danger. (ECF No. 5, PageID 40.) Accordingly, she ordered Mr. Harris to pay the filing fee within thirty days of May 14, 2021, the date the R&R was issued, and stated that if he failed to do so his case would be dismissed. *Id.*; *see also* 28 U.S.C. § 1915(g). As of the date of this Order, he has not paid the fee.

Substantively, the R&R recommends dismissal under 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1) because Defendant OAPA is immune under the Eleventh Amendment and Defendant Bureau Chief of the Office of Quality Assurance and Improvement – Ohio Department of Youth Services has not been connected to Plaintiff Mason Harris's alleged harm via his Complaint. *Id.*, PageID 43-44. The R&R also finds that if Plaintiff asserted claims against State of Ohio Assistant Attorney General George Horvath and Judge Jeffrey Brown, Horvath has prosecutorial immunity, and Judge Brown is judicially immune. *Id.* The R&R further recommends that any other potential § 1983 claims in the Complaint are time-barred under Ohio Revised Code § 2305.10. *Id.*, PageID 45.

3

## **STANDARD OF REVIEW**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citation omitted). Because a nonpaying litigant "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," 28 U.S.C. § 1915(e) provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> > (A) The allegation of poverty is untrue; or
> >
> > (B) The action or appeal—
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Similarly, 28 U.S.C. § 1915A requires courts to screen complaints to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—is frivolous, malicious, or fails to state a claim upon which relief may be granted."

The same "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim under [28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A] because the relevant statutory language tracks the language of Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-471 (6th Cir. 2010). Thus, the Court

must construe the complaint in the light most favorable to the plaintiff and determine whether the factual allegations present a plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555. In other words, a complaint is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). However, "[p]*ro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garrett v. Belmont County Sheriff's Dep't*, 374 Fed. Appx. 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## ANALYSIS

Plaintiff's Objection regarding the R&R's IFP decision is not clear. (ECF No. 6.) As best the Court can liberally discern, Plaintiff argues that the Court should reject the IFP holding for two reasons. First, he asserts he is in imminent danger of being sexually abused again. (ECF No. 6, PageID 48.) But, as the Magistrate Judge determined, his Complaint focuses on purported constitutional violations stemming

5

from his allegations of sexual assault, not on the assaults themselves. As such, his pleading proffers no factual allegations tending to show that he is and remains in imminent danger of sexual assault. Second, Mr. Harris argues that Chief Judge Marbley allowed him to proceed IFP in 2004 even though he was a three-striker then. *Id*., PageID 54. He provides no case number to substantiate this statement and the Court could not find one. Even if his contention is true, Mr. Harris remains a three-striker and the Undersigned will enforce § 1915 here. Mr. Harris' IFP Objection is **OVERRULED**.

His Objection as to the OAPA immunity holding is slightly more decipherable. In essence, he argues he is suing not only the OAPA, but OAPA employees in their individual capacities such that Eleventh Amendment immunity does not apply. *Id*., PageID 54. This Objection is **OVERRULED**. After reviewing the Complaint, and to the extent that Plaintiff successfully indicates therein that he is suing those individuals, the Court concludes Plaintiff has sued the individuals in their official capacities. The Complaint consistently refers to the individual defendants by their official titles.

His Objection argues his pleading regarding the Bureau Chief is adequate despite the R&R's contrary recommendation. Specifically, he states that the "Bureau Chief and his agents in the Ohio prisons connected and contacted the Bureau Chief in Columbus, Ohio about the going-ons in there [sic] prisons, without carefully explaining to [Harris] why the Bureau Chief cannot respond." *Id*. To this point, the Magistrate Judge correctly noted that Mr. Harris "generally must prove

6

both that a defendant was personally at fault and that the defendant's culpable conduct (not somebody else's) caused the injury." (ECF No. 5, PageID 44.) *Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 490 (6th Cir. 2020) (emphasis in original) (citing *Manuel v. City of Joliet*, 137 S.Ct. 911, 920 (2017); *Filarsky v. Delia*, 566 U.S. 377, 380 (2012)). Yet, the Complaint only asserts the Bureau Chief failed to respond to allegations in the state action and to personal letters Plaintiff sent to him through the years. A cause of action under 42 U.S.C. § 1983 exists for deprivations of constitutional rights or privileges. Thus, § 1983 requires more than just a failure to respond to correspondence. Additionally, the state case was dismissed for lack of jurisdiction in March 2020.

Upon *de novo* review, and mindful of Plaintiff's *pro se* status, Plaintiff's Objections (ECF No. 6) are **OVERRULED** and his claims are dismissed pursuant to § 1915(e).

## CONCLUSION

Plaintiff's Objections (ECF No. 6) are **OVERRULED**. The Court **ADOPTS** the R&R (ECF No. 5) in full.

Plaintiff's claims are **DISMISSED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED**.

    s/Sarah D. Morrison
    **SARAH D. MORRISON**
    **UNITED STATES DISTRICT JUDGE**