UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MASON HARRIS,**

      **Plaintiff,**

  v.

**OHIO ADULT PAROLE AUTHORITY, et al.,**

      **Defendants.**

Case No. 2:21-cv-1401
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Leave to Appeal *in forma pauperis*. (Doc. 13). The Court did not permit Plaintiff, a *pro se* prisoner, to proceed *in forma pauperis* in the instant action, because he is a "three-striker" as described under 28 U.S.C. § 1915(g). (*See* Docs. 5, 7).

Federal Rule of Appellate Procedure 24(a)(2) provides that when a district court denies a motion to proceed with appeal *in forma pauperis*, "it must state its reasons in writing." Further, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." The test of good faith under §1915(a) "is whether the litigant seeks appellate review of any issue not frivolous." *Fegel v. Comm'r of Soc. Sec.*, 2009 WL 2132634, at *1 (S.D. Ohio July 13, 2009) (citing *Coppedge v. United States*, 369 U.S. 438 (1962)). Applying these standards, the Undersigned recommends that Plaintiff not be granted leave to appeal *in forma pauperis*, as his appeal would undoubtedly be frivolous.

On May 14, 2021, the Undersigned recommended denying Plaintiff's motion to proceed *in*

*forma pauperis* because he was a "three-striker." (Doc. 5 at 1–2). The Undersigned then recommended that Plaintiff's Complaint be dismissed because the named Defendants were not proper parties and because his remaining allegations—even broadly construed—were barred by statute of limitations or by judicial and prosecutorial immunity. (*Id.* at 5–8). The Plaintiff objected to that order and report and recommendation (Doc. 6), on the grounds that: (1) his motion to proceed *in forma pauperis* was improperly denied because he was in "imminent danger" of suffering further injury; (2) he was suing not only Defendant Ohio Adult Parole Authority, but also its employees in their individual capacities; and (3) that Defendant Bureau Chief was directly involved in his alleged constitutional injury. (Doc. 7 at 5–7). The Court overruled all objections and adopted the Undersigned's recommendation in full. (*Id.*).

In the instant Motion, Plaintiff appears to renew his objection that the denial of his motion to proceed *in forma pauperis* was improper because of the "imminent danger" he alleges. (Doc. 13 at 9). The Court, however, already entertained this objection and found it lacking merit. (*See* Doc. 7). Thus, Plaintiff has not presented a non-frivolous claim for appeal. Accordingly, the Undersigned **RECOMMENDS** Plaintiff's Motion (Doc. 13) be **DENIED** and that any appeal in this matter not be taken in good faith.

### Procedure on Objections to Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: December 2, 2021              /s/ Kimberly A. Jolson
                                    KIMBERLY A. JOLSON
                                    UNITED STATES MAGISTRATE JUDGE